EWELL v. VIRGIL TOWNSHIP, APPELLANT.

**Road Overseer**: TAXATION: TOWNSHIP ORGANIZATION. Under the Township Organization law (Acts 1873, p. 105, art. 9; p. 107, art. 11), a road overseer has no authority to incur a debt in keeping the highways in repair, beyond the amount of the fund derived from the taxes levied by the township board; and if his expenditures exceed that amount, he cannot recover the excess from the township.

*Appeal from Vernon Circuit Court*—HON. JOHN D. PARKINSON, Judge.

*Scott & Stone* for appellant, cited *Vose v. Deane*, 7 Mass. 282.

SHERWOOD, C. J.—It belongs to the board of directors of each township " to levy all taxes for township, road and bridge purposes." (Tit. Township organization, art. 9, § 1, page 105, acts 1873), and to assess upon all real estate and personal property in their townships * * * a sufficient tax to keep the roads and highways of the various road districts in their township in good repair, which tax shall be levied as follows : for every one mill tax upon the dollar levied on real and personal property, * * the township board shall require one day's work of each person subject to work on roads and highways *and no more.*" (Id. § 7, p. 108.) Each person is required to work out " the whole number of days for which he shall have been assessed during the year." (Id. p. 109, § 15); or the party thus assessed may at his option, " pay such tax in money," (Id. 109, § 17.) It will thus be readily observed that the amount of road tax, whether discharged in labor or money, is regulated by law and a limit fixed thereby, beyond which the township board of directors themselves cannot pass; assuredly, a road overseer, the mere creature of the board of directors, does not possess any larger powers. And the fact that it is made his duty "to repair and keep in good order" the highways in his road district, (Id. 108, § 8,)

does not enlarge his scope of action, or clothe him with plenary authority. His duty in the premises must needs be confined within the limits of the tax levied for road purposes and when that assessment is exhausted, his means of keeping the road in repair is exhausted also. To hold otherwise, to hold as was done by the court below, that after the exhaustion of the fund provided by the board of directors, the overseer might still proceed of his own head, hire hands, work the roads, run the township in debt as he sees fit, and then proceed to collect the debt by obtaining judgment against the township, would be productive of very remarkable and hitherto unheard of consequences. It would be in effect holding that the road overseer could, of his own motion, levy and collect an additional road tax.

We entertain no such view of the law. Judgment reversed. All concur.

REVERSED.