THE STATE *ex rel.* MOUNT v. BOURN *et al., Appellants.*

1. **Road Expenditures.** If a road overseer exceeds, in his expenditures on the roads in his district, the amount provided by the county court for road purposes, he cannot recover the excess from the county.

2. ——— : OVERSEER'S PER DIEM. Where the road taxes are paid wholly in work or so nearly that there is not money enough in the district fund to pay the overseer's per diem compensation, he will be entitled to have the deficiency made good to him out of the county treasury.

*Appeal from Scotland Circuit Court.*—HON. J. C. ANDERSON, Judge.

REVERSED.

This was a proceeding by mandamus against Benjamin F. Bourn, Ellis Sparks and Riley Gale, justices of the county court of Scotland county, to compel them to issue the relator a warrant on the county revenue fund for $17.50 due relator for labor performed by him as road overseer and for sign-boards and materials furnished to his district. The county court had allowed the claim and ordered the clerk to issue to relator a script on his district for the amount. This relator refused to receive, and the county

court refused to issue a warrant on the county treasury. Other facts appear in the opinion.

*Cramer & Myers* for appellants.

SHERWOOD, C. J.—The return of the county court justices, which the demurrer thereto admits to be true, sets forth that they, "as justices of the county court, made an order of record setting apart a certain portion of the county revenue for the purpose of repairing roads, purchasing material and tools for district No. 4, township 65, range 12, Scotland county, and that the amount so set apart was ample and sufficient for the purpose; that the court in its order had fixed the price of labor in said district and the amount of tax to be collected."

This return, we think, was good and sufficient and should have been thus held. And if, as the county justices say in their return, the relator exceeded the amount of said labor and taxes so provided by the county court, it was without any authority. It belongs to the county court, and the county court alone, to say, within the limits the statute prescribes, the number of days each person liable to work on public roads shall work, and the amount of road tax to be levied. Sess. Acts 1877, pp. 397, 398, §§ 16, 17, 20. If the road overseer exceeds, in his expenditures on the roads in his district, the amount provided by the county court, it is a matter of his own concern. To permit him to exceed the amount provided by the county court for him to expend, would be to substitute his judgment for that of the county court and to nullify the statute. This is a thing we will not sanction. In the case of *Ewell v. Virgil Township*, 65 Mo. 657, we ruled a similar point in the same way.

1. ROAD EXPENDITURES.

If the claim of relator had been for his *per diem* as road overseer, and the taxes in his road district had "been paid or so nearly paid in work," that there was not "sufficient funds of the road district.

2. ——: overseer's per diem.

to pay the overseer the compensation allowed him, then the county court under the provision of section 16, *supra*, could have caused the deficiency of his compensation to have been paid out of the county treasury." We shall reverse the judgment and remand the cause, and if, upon its return to the court from whence it came, it shall appear that any portion of the claim of relator is for his personal services as road overseer, then the court below to that extent may proceed as herein indicated. All concur.